■ In the Matter of IBJ SCHRODER BANK & TRUST COMPANY, Appellant. 186 TRUST, Respondent. [706 NYS2d 114] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 25, 1998, which, to the extent appealed from as limited by the briefs, denied that portion of the petition seeking a declaration that petitioner-trustee has the authority to enter into a settlement agreement in the underlying action, and declined to approve the proposed settlement in that action, unanimously reversed, on the law, without costs, the petition granted to the extent that petitioner is found to have the requisite authority to enter into the settlement agreement, and the matter is remanded to the Supreme Court to determine whether the settlement should be approved.

It is settled that the duties and powers of a trustee are defined by the terms of the trust agreement and are tempered only by the fiduciary obligation of loyalty to the beneficiaries (*see, United States Trust Co. v First Natl. City Bank,* 57 AD2d 285, 295-296, *affd* 45 NY2d 869; Restatement [Second] of Trusts § 186, comments *a, d*). In this matter, the same provision of the trust agreement which, the parties do not dispute, gave the trustee the power to commence the underlying action, also vests the trustee with the power to "take such action as shall be necessary" with respect to the subject matter of the underlying action. We now find that this provision includes the power to settle that action. We take no position on whether the settlement agreement, in its present form, should be approved and remand the matter to the IAS Court to consider all relevant factors in determining whether such approval is warranted. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.